**RODNEY J. JACOB, ESQ.**
**CALVO FISHER & JACOB LLP**
Attorneys at Law
259 Martyr Street, Suite100
Hagåtña, Guam 96910
Telephone: (671) 646-9355
Facsimile: (671) 646-9403
Email: rjacob@calvofisher.com

**J. ALEXANDER LAWRENCE, ESQ.**
(*pending Pro Hac Vice admission*)
**MORRISON & FOERSTER LLP**
Shin-Marunouchi Building, 29th
Floor 5-1, Marunouchi 1-Chome
Chiyoda-ku, Tokyo Japan
100-6529
Telephone: 81-33-214-6522
Facsimile: 81-33-214-6512
Email: alawrence@mofo.com

Attorneys for Petitioner
MARINA HABA

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| *In re*: Application Pursuant to 28 U.S.C. § 1782 of MARINA HABA, <br><br> Petitioner, <br><br> - To take discovery of - <br><br> MARUHAN CORPORATION GUAM, <br><br> Respondent. | Misc. Case No. _____ <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR AN ORDER DIRECTING MARUHAN CORPORATION GUAM TO RESPOND TO DISCOVERY PURSUANT TO 28 U.S.C. § 1782 FOR USE IN FOREIGN PROCEEDINGS** |

tk-780343

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................ 1

SUMMARY OF LEGAL ARGUMENT ........................................................................... 4

ARGUMENT ....................................................................................................................... 6

I.     LEGAL STANDARD ............................................................................................. 6

II.    MS. HABA'S APPLICATION MEETS THE SECTION 1782 THRESHOLD
REQUIREMENTS .................................................................................................. 7

III.   THE SUPREME COURT'S *INTEL* FACTORS STRONGLY FAVOR
GRANTING MS. HABA'S APPLICATION ...................................................... 8

     A.    Maruhan Guam Is Not a Party to the Foreign Proceedings ................... 8

     B.    The Japanese Courts Are Receptive to U.S. Judicial Assistance .......... 10

     C.    No Foreign Restrictions Bar Ms. Haba's Requested Discovery ........... 11

          1.    The foreign court's broad receptivity to evidence, despite more
limited discovery procedures, make the third *Intel* factor weigh in
favor of discovery ...................................................................... 11

          2.    There is no exhaustion requirement ........................................... 13

     D.    Ms. Haba's Requests Are Not Unduly Burdensome ............................. 14

CONCLUSION ................................................................................................................... 17

# TABLE OF AUTHORITIES

Page

**Cases**

*Advanced Micro Devices, Inc. v. Intel Corp.*,
  292 F.3d 664 (9th Cir. 2002)........................................................................4, 7, 12

*AIS GmbH Aachen Innovative Sols. v. Thoratec LLC*,
  762 Fed. Appx. 447 (9th Cir. 2019) ........................................................................5

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
  793 F.3d 1108 (9th Cir. 2015)........................................................................4, 7, 10

*Application of Malev Hungarian Airlines*,
  964 F.2d 97 (2d Cir. 1992)........................................................................14

*In re Application for an Order for Judicial Assistance in a Foreign Proceeding in
  the Labor Court of Brazil*,
  466 F. Supp. 2d 1020 (N.D. Ill. 2006) ........................................................................9

*In re Application of LG Elecs. Deutschland GMBH*,
  No. 12cv1197-LAB (MDD), 2012 U.S. Dist. LEXIS 70570 (S.D. Cal. May 21,
  2012) ........................................................................11, 14

*In re Application of Motorola Mobility, LLC*,
  No. C 12-80243 EJD (PSG), 2012 U.S. Dist. LEXIS 149679 (N.D. Cal. Oct.
  17, 2012) ........................................................................9

*In re Barnwell Enters. Ltd*,
  265 F. Supp. 3d 1 (D.D.C. 2017) ........................................................................9

*In re Bloomfield Inv. Res. Corp.*,
  315 F.R.D. 165 (S.D.N.Y. 2016) ........................................................................14

*Calderon v. Experian Info. Solutions, Inc.*,
  290 F.R.D. 508 (D. Idaho 2013) ........................................................................16

*In re Comm'r re Request for Judicial Assistance for the Issuance of Subpoena
  Pursuant to 28 U.S.C. § 1782*, No. C 11-80136 RS (MEJ), 2011 U.S. Dist.
  LEXIS 75471 (N.D. Cal. July 13, 2011)........................................................................9

*Cryolife, Inc. v. Tenaxis Med., Inc.*,
  No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416 (N.D. Cal. Jan. 13, 2009) ............8, 10, 12

*In re De Leon*,
  No. 1:19-mc-15, 2020 U.S. Dist. LEXIS 42968 (S.D. Ohio March 12, 2020)........................15

*Dean Foods Co. v. Eastman Chem. Co.*,
No. C 00-4379 WHO, 2001 U.S. Dist. LEXIS 25447 (N.D. Cal. Aug. 13,
2001) ................................................................................................................16

*In re del Valle Ruiz*,
939 F.3d 520 (2d Cir. 2019)..............................................................................15

*Fausto v. Credigy Services Corp.*,
251 F.R.D. 427 (N.D. Cal. 2008) ......................................................................16

*In re Frontier Co., Ltd.*,
No. 19-mc-80184-LB, 2019 U.S. Dist. LEXIS 125191 (N.D. Cal. July 25,
2019) .........................................................................................................10, 14

*In re Furstenberg Fin. Sas & Marc Bataillon*,
No. 16-cv-60266-BLOOM, 2017 U.S. Dist. LEXIS 217622 (S.D. Fla. Oct. 30,
2017) ................................................................................................................16

*In re Godfrey*,
NO. 17-21631-CV-COOKE/GOODMAN, 2018 U.S. Dist. LEXIS 29794 (S.D.
Fla. Feb. 22, 2018) ...........................................................................................15

*In re Gov't of the Lao People's Democratic Republic*,
1:15-MC-00018, 2016 U.S. Dist. LEXIS 47998 (D. N. Mar. I. April 7, 2016).........................7

*Gov't of Mong. v. Itera Int'l Energy*,
No. 3:08-mc-46-J-32MCR, 2009 U.S. Dist. LEXIS 145354 (M.D. Fla. April
29, 2009) ............................................................................................................8

*In re Grupo Unidos Por El Canal, S.A.*,
No. 14-mc-80277-JST (DMR), 2014 U.S. Dist. LEXIS 152473 (N.D. Cal. Oct.
27, 2014) ....................................................................................................15, 16

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
633 F.3d 591 (7th Cir. 2011)................................................................10, 13, 15

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.*,
No. 19-mc-80215-WHO (TSH), 2020 U.S. Dist. LEXIS 29201 (N.D. Cal. Feb.
19, 2020) ......................................................................................................7, 15

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004)................................................................................. *passim*

*In re Inversiones y Gasolinera Petroleos Valenzuela, S. de R.L.*,
No. 08-20378-MC-UNGARO/SIMONTON, 2011 U.S. Dist. LEXIS 5201
(S.D. Fla. Jan. 19, 2011) .....................................................................................9

*In re Joint Stock Co. Raiffeisenbank*,
   No. 16-mc-80203-MEJ, 2016 U.S. Dist. LEXIS 152090 (N.D. Cal. Nov. 2,
   2016) ........................................................................................................................11

*King.com Ltd. v. 6 Waves LLC*,
   No. C-13-3977 MMC, 2014 U.S. Dist. LEXIS 44860 (N.D. Cal. March 31,
   2014) ........................................................................................................................16

*London v. Does*,
   279 F. App'x 513 (9th Cir. 2008) .......................................................................9, 10

*In re Macquarie Bank Ltd.*,
   No. 2:14-cv-00797-GMN-NJK, 2015 U.S. Dist. LEXIS 72544
   (D. Nev. May 28, 2015) ..........................................................................................12

*In re Macquarie Bank*,
   No. 2:14-cv-0797-GMN-NJK, 2014 U.S. Dist. LEXIS 181626 (D. Nev. June 4,
   2014) ..........................................................................................................11, 13, 14

*Marubeni Am. Corp. v. LBA Y.K.*,
   335 F. App'x 95 (2d Cir. 2009).........................................................................11, 12

*In re Med. Inc. Ass'n Smile Create*,
   No.19-mc-80230-VKD, 2019 U.S. Dist. LEXIS 173999 (Oct. 7, 2019)..................10

*In re Microsoft Corp.*,
   No. C10-0170MJP, 2010 U.S. Dist. LEXIS 145423 (W.D. Wash. Aug. 18,
   2010), *aff'd*, 671 F.3d 726 (9th Cir. 2011)..............................................................12

*In re Motorola Mobility LLC*,
   No. 12-CV-2618-BTM (WVG), 2013 U.S. Dist. LEXIS 39621 (S.D. Cal. Feb.
   1, 2013) ....................................................................................................................14

*In re Nagatsuki Ass'n*,
   No. 20-mc-80030-SVK, 2020 U.S. Dist. LEXIS 31168 (N.D. Cal. Feb. 24,
   2020) ........................................................................................................................10

*In re O'Keeffe*,
   No. 2:14-cv-01518-RFB-CWH, 2015 U.S. Dist. LEXIS 37835 (D. Nev. Mar.
   24, 2015) ......................................................................................................11, 12, 14

*In re Platebright Ltd.*,
   No. 2013-94, 2013 U.S. Dist. LEXIS 184524 (D.V.I. Dec. 18, 2013) ......................7

*In re Procter & Gamble Co.*,
   334 F. Supp. 2d 1112 (E.D. Wis. 2004)............................................................11, 13

iv

*Republic of Ecuador v. For the Issuance of Subpoenas for the Taking of*
  *Depositions & the Prod. of Documents in a Foreign Proceeding Pursuant to*
  *28 U.S.C. § 1782*, No. C-10-80225 MISC CRB (EMC), 2011 U.S. Dist. LEXIS
  23666 (N.D. Cal. Feb. 22, 2011) .................................................................15

*In re Republic of Ecuador*,
  No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D.
  Cal. Sept. 15, 2010).........................................................................................6, 8

*In re Rigby*,
  No. 13cv0271-MMA (MDD), 2013 U.S. Dist. LEXIS 23251 (S.D. Cal. Feb.
  19, 2013) .......................................................................................................6

*Roberts v. Heim*,
  130 F.R.D. 430 (N.D. Cal. 1990).................................................................16

*Sergeeva v. Tripleton Int'l Ltd.*,
  834 F.3d 1194 (11th Cir. 2016).....................................................................15

*Shinde v. Nithyananda Found.*,
  ED CV 13-363-JGB, 2015 U.S. Dist. LEXIS 189257 (C.D. Cal. May 21, 2015)...................16

*Siemens AG v. W. Dig. Corp.*,
  No. 8:13-cv-01407-CAS-(AJWx), 2013 U.S. Dist. LEXIS 159266 (C.D. Cal.
  Nov. 4, 2013) ................................................................................................10

*In re South Pacific Petroleum Corp.*,
  1:18-mc-00017 (D. Guam May 30, 2018) ..................................................7

*In re Top Matrix Holdings Ltd.*,
  18 Misc. 465 (ER), 2020 U.S. Dist. LEXIS 7896 (S.D.N.Y. Jan. 16, 2020)............................9

*In re Varian*,
  No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911 (N.D. Cal. Mar. 24,
  2016) .............................................................................................................14

**Statutes and Other Authorities**

28 U.S.C. § 1782 ............................................................................................. *passim*

Fed. R. Civ. P. 26 ...........................................................................................14

Fed. R. Civ. P. 30 ...........................................................................................15

Marina (née Han) Haba ("Ms. Haba") respectfully requests that this Court enter an order pursuant to 28 U.S.C. § 1782 granting Ms. Haba leave to obtain targeted discovery from Maruhan Corporation Guam ("Maruhan Guam"), whose principal officer is Ms. Haba's father Chang-Woo Han ("Mr. Han"), for use in foreign litigation in Japan. The Japanese litigation includes: (1) an action pending in the Kyoto District Court, that Mr. Han has filed against Ms. Haba, and (2) an action that Ms. Haba intends to file against Maruhan Co. Ltd. ("Maruhan")[1] and its CEO and Chairman, Mr. Han.

## INTRODUCTION

The underlying dispute for which Ms. Haba seeks this discovery reflects a timeworn tale. A domineering father seeks to exert his control and force his daughter to abandon the man she loves. Here, as leverage to force his daughter to divorce him, Mr. Han has moved to reclaim her shares in the family business, now worth millions of dollars, that he long ago gave to his daughter without condition. Now holding the stock hostage and retaining all dividends from the stock on which Ms. Haba has lived for years, Mr. Han has demanded that Ms. Haba make a wrenching choice: her husband or her livelihood.

Mr. Han immigrated to Japan after the war. (Haba Decl. ¶ 2.) He attended Hosei University, graduating with a degree in economics in 1952. (Id.) Shortly after graduation, Mr. Han took over a pachinko operation run by his brother-in-law in Kyoto. (Id.) The business grew and prospered. (Id.) Mr. Han is now the Chairman and CEO of Maruhan, which manages a variety of entertainment facilities. (Id.) The company operates and maintains pachinko parlors, bowling alleys, golf driving ranges, amusement facilities, cinemas, and other leisure-related businesses. (Id.) Mr. Han is reportedly one of the fifty richest individuals in Japan and one of the richest individuals on Earth.[2] (Id.)

Born in 1969 in Kyoto, Japan, Ms. Haba is the eldest daughter of Mr. Han's six children.

---

[1] Maruhan Co. Ltd. is also known as Maruhan Corporation and uses both names interchangeably. (Id. ¶ 3.)

[2] *See* Forbes, Chang-Woo Han & family (available at https://www.forbes.com/profile/chang-woo-han/#1d4743723a43).

(Id. ¶¶ 1, 4.)  Ms. Haba has one sister and four brothers.  (Id. ¶ 4.)  Each of her brothers works for the family business.  (Id.)  Long ago, Mr. Han granted shares in Maruhan, the parent company of Maruhan Guam, to each of his six children including Ms. Haba.  (Id. ¶¶ 3, 4.)  Maruhan is not a public filer, but public records available for Ichiken Co., Ltd., a public company, in which Maruhan owns approximately one-third interest, reflect that Ms. Haba owned 1.5 million shares during the period from 2010 through 2019, the period for which such records are publicly available on the Internet.  (Yakura Decl. ¶ 5; Exs. E-G.)  Additional older records obtained from the Tokyo Stock Exchange further provide that Ms. Haba was listed as a shareholder having 1.5 million shares in the company, going back to at least 2005.  (Id.)  Thus, it is clear that Ms. Haba owned these shares from at least 2005 through 2019.

Joe Wallace ("Mr. Wallace") was born in 1965, and raised in Oxnard, California.  (Haba Decl. ¶ 5.)  From 1983 through 1987, Mr. Wallace attended Washington State University on a basketball scholarship.  (Id.)  In his sophomore year, Mr. Wallace ended the season second in points per game in the Pac 10 conference.  (Id.)  After graduating from college, Mr. Wallace played professional basketball for a number of years in the United States, Turkey, Japan, Argentina, France, and Spain, eventually retiring from professional sports in 1994.  (Id.)  Thereafter, Mr. Wallace has worked as a marketing executive and an entrepreneur, collaborating with many notable former professional athletes on business ventures. (Id.)

Ms. Haba and Mr. Wallace initially met in 1991, when Mr. Wallace was playing professional basketball in Japan for the Isuzu Motors Gigacats.  (Id. ¶ 6.)  At the time, Ms. Haba was a college student.  (Id.)  The two dated for a few months in Japan.  (Id.)  Later that year, Mr. Wallace moved to Spain to play for the professional team in Melilla.  (Id.)  Mr. Wallace invited Ms. Haba to come to Spain.  (Id.)  Mr. Wallace bought Ms. Haba a ticket, and she came.  (Id.)  Ms. Haba ended up living with Mr. Wallace throughout the remainder of his professional basketball career, moving with him from Melilla, Spain, to Madrid, Spain, where he played for Real Madrid, to Argentina, where he played for Olimpia de Venado Tuerto, and finally to Paris, France, where Mr. Wallace played for Levallois.  (Id. ¶ 7.)  While they were in love and happy together, they were both young.  (Id.)  And, soon thereafter, they parted ways.  Mr. Wallace

2

stayed in Los Angeles, and Ms. Haba returned to Japan. (Id.) They lost contact for the next fifteen years. (Id.)

After returning to Japan, Ms. Haba married her first husband. (Id. ¶ 8.) Ms. Haba and her first husband had two children, but the marriage was unhappy. (Id.) Mr. Wallace also got married and had children. (Id. ¶ 9.) Both marriages ended in divorce. (Id. ¶¶ 8, 9.)

How Ms. Haba and Mr. Wallace reconnected is a familiar story in the age of social media. After years without contact, Ms. Haba found Mr. Wallace on Facebook. (Id. ¶ 9.) After reconnecting, they decided to meet in Vancouver, Canada and thereafter rekindled their romance. In 2014, they got married. (Id.) Around a year later, Ms. Haba bought a home in Los Angeles and relocated to the United States so that they could live together. (Id. ¶ 10.)

Although he has to this day never met Mr. Wallace, Mr. Han did not approve of the marriage, just as he did not approve of their earlier relationship. (Id. ¶¶ 6, 10.) Mr. Han has made it plain that he does not approve of Ms. Haba's relationship with a black man. (Id. ¶ 6.) And after learning that Ms. Haba and Mr. Wallace were back together, Mr. Han began to take steps to exert his dominion and control over Ms. Haba. (Id. ¶ 11.) Ms. Haba had always received a healthy income from the dividends on her Maruhan shares. (Id.) But, Mr. Han began to take actions to interfere with her regular dividend payments contrary to her rights. (Id. ¶ 11.) This was clearly done at Mr. Han's direction to eliminate Ms. Haba's sole source of financial independence, to impose his dominion and control over Ms. Haba, and to force her to accede to his demands. (Id.)

In or around September 2019, Ms. Haba travelled to Kyoto to meet with her father and discuss her financial situation. (Id. ¶ 12.) Her father agreed to give her a loan, but he insisted that she leave her husband. (Id.) He also made other outrageous demands, such as that she hand over all of her jewelry and cash to him, that she turn over her passport to him so that she would have to ask his permission to leave Japan, and that she agree not to go out for "unnecessary" social engagements. (Id.) That he would make such demands was extraordinarily hurtful to Ms. Haba. (Id.) At the time, Ms. Haba was under extreme financial duress. (Id.) On September 2, 2019, Mr. Han wired Ms. Haba JPY 480 million in connection with the loan. (Id.)

On October 6, 2019, Ms. Haba was spotted walking with her husband in Tokyo which infuriated her father.  (Id. ¶ 13.)  On October 15, 2019, less than a month and a half after making the loan, Mr. Han filed a provisional seizure action against Ms. Haba in the Kyoto District Court seeking the immediate return of JPY 480 million (plus 14% interest per annum).  (Id.)  On October 18, 2019, the Kyoto District Court granted Mr. Han's application to seize Ms. Haba's property.  (Id. ¶ 14.)  Pursuant to the decision, Ms. Haba was prohibited from withdrawing or transferring about JPY 150 million from several bank accounts in her or her then-counsel's name.  (Id.)

On March 24, 2020, Mr. Han commenced a separate action against Ms. Haba in the Kyoto District Court, Japan seeking immediate repayment of the loan plus interest.  Chang-Woo Han v. Marina Haba, Kyoto District Court 2020 (wa) No. 907.  (Id. ¶ 15.)  In or around this time, Mr. Han had Ms. Haba's name removed from the official company register and purported to reclaim her shares in Maruhan.  (Id. ¶ 16.)

In his attempt to enforce his will and deprive Ms. Haba of her shares in the company, Mr. Han hopes to hide behind the lack of civil discovery in Japan.

## SUMMARY OF LEGAL ARGUMENT

Resolution of Ms. Haba's foreign litigation against Maruhan and Mr. Han will be significantly advanced by the discovery that can be obtained from Maruhan Guam.  Congress enacted Section 1782 to address such circumstances by providing a mechanism through which a party may take discovery in the United States to obtain information relevant to the resolution of foreign litigation.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262 (2004) ("[Section] 1782(a)'s objective [is] to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws.")

The United States Court of Appeals for the Ninth Circuit has frequently affirmed the availability of Section 1782 to obtain U.S.-style discovery for use in legal proceedings before foreign tribunals.  *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 667 (9th Cir. 2002), *aff'd, Intel*, 542 U.S. 241 (2004); *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d

4

1108, 1112–13 (9th Cir. 2015); *AIS GmbH Aachen Innovative Sols. v. Thoratec LLC*, 762 Fed. Appx. 447, 449 (9th Cir. 2019).

Pursuant to Section 1782, Ms. Haba seeks to discover documents in the possession, custody, or control of Maruhan Guam and testimony from its principal officer Mr. Han. The discovery concerns Ms. Haba's ownership interest in Maruhan Guam and its affiliates, which Mr. Han has wrongfully attempted to take from her in an effort to force her to divorce her husband.

Ms. Haba's application for discovery satisfies the requirements of Section 1782. First, this is the district "in which [Maruhan Guam] resides or is found," 28 U.S.C. § 1782(a). Maruhan Guam is organized under the laws of Guam and is located in Guam. Second, Ms. Haba seeks the discovery for use "in a proceeding in a foreign or international tribunal," *see* 28 U.S.C. § 1782(a), specifically in the District Court of Kyoto, Japan. Third, Ms. Haba qualifies as "an interested person" in the foreign proceedings, as she is the defendant in a pending case in the District of Kyoto, Japan and will be the plaintiff in an anticipated case in that same court. *See id.*

Additionally, the four "*Intel*" factors that the Supreme Court identified to guide courts' discretion in analyzing applications under Section 1782 all favor granting Ms. Haba's request. First, Maruhan Guam is not a party to the foreign proceedings, and the discovery sought is directly relevant to what will be disputed issues in those proceedings. Second, Japanese courts have been historically receptive to assistance from U.S. federal courts, and U.S. courts have granted discovery pursuant to Section 1782 for use in litigation in Japan in many cases. Third, the application is not made as an attempt to circumvent Japanese policy. Fourth, Ms. Haba's discovery requests are limited, not unduly burdensome, and will enhance the efficiency of the process for the parties and the courts in Japan.

Therefore, Ms. Haba respectfully requests the Court to enter the order attached as Exhibit A to the application requiring Maruhan Guam to provide the discovery described in the subpoena and notice of deposition attached as Exhibits B and C to the application, pursuant to Section 1782, for Ms. Haba's use in foreign litigation.

5

**ARGUMENT**

**I.      LEGAL STANDARD**

The purpose of Section 1782 is to provide federal court assistance in the gathering of evidence for use in a foreign tribunal. *Intel*, 542 U.S. at 247. Section 1782 provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

There are three statutory prerequisites for discovery pursuant to Section 1782 to be granted: (1) the person from whom discovery is sought must reside or be found in the district of the district court where the application is made; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by the foreign tribunal or "any interested person." *Id.* Once the statutory threshold requirements are met, a district court may order discovery pursuant to Section 1782, taking into consideration four discretionary factors, as set forth in the *Intel* case. *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158, at *4 (N.D. Cal. Sept. 15, 2010).

The four *Intel* factors are: (1) the foreign tribunal's ability to reach the evidence at issue; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) and whether the request is unduly intrusive or burdensome. *Id.* (citing *Intel*, 542 U.S. at 264–65).

In conducting this inquiry, recognizing that Congress intended it to "substantially broaden[] the scope of assistance federal courts could provide for foreign proceedings," *Intel*, 542 U.S. at 247–48, district courts have held that Section 1782 should be read in light of policies "generally favor[ing] discovery." *In re Rigby*, No. 13cv0271-MMA (MDD), 2013 U.S. Dist.

LEXIS 23251, at *6 (S.D. Cal. Feb. 19, 2013).  Indeed, "allowance of liberal discovery seems entirely consistent with the twin aims of Section 1782:  providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Advanced Micro Devices*, 292 F.3d at 669.

Further, courts in the Ninth Circuit have broad discretion under Section 1782 to grant discovery and are not required to explicitly address every factor or argument.  *Akebia*, 793 F.3d at 1112 ("The district court was not required to address explicitly every factor or argument, nor was it required to issue a written order.")

Ms. Haba's application meets the statutory requirements of Section 1782, and the discretionary *Intel* factors strongly favor granting the requested discovery.  Applying these factors and considering the overarching principles behind the statute, this Court should exercise its discretion and permit Ms. Haba to obtain the narrowly-tailored discovery she seeks from Maruhan Guam.

## II.     MS. HABA'S APPLICATION MEETS THE SECTION 1782 THRESHOLD REQUIREMENTS.

First, Maruhan Guam is "found" in this District[3] because Maruhan Guam is organized under the laws of Guam and is located in Guam.[4]  *See, e.g., Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO (TSH), 2020 U.S. Dist. LEXIS 29201, at *8 (N.D. Cal. Feb. 19, 2020) ("A business entity is 'found' in the judicial district where it is incorporated or

---

[3] Section 1782 applies equally in federal district courts in U.S. territories.  *See, e.g., In re South Pacific Petroleum Corp.*, 1:18-mc-00017 (D. Guam May 30, 2018) (Manibusan, J.) (order granting application for Section 1782 discovery for use in proceeding in South Korea); *In re Gov't of the Lao People's Democratic Republic*, 1:15-MC-00018, 2016 U.S. Dist. LEXIS 47998 (D. N. Mar. I. April 7, 2016); *In re Platebright Ltd.*, No. 2013-94, 2013 U.S. Dist. LEXIS 184524 (D.V.I. Dec. 18, 2013).

[4] *See* Yakura Decl. Ex. A (Amended Articles of Incorporation of Maruhan Guam, stating that "[t]he place and principal office of the Corporation shall be in Harmon, Guam" and identifying Mr. Han as a director); Yakura Decl. Ex. B (2019 Annual Corporation Report for Maruhan Guam, identifying Mr. Han as President of Maruhan Guam); *see also* Yakura Decl. Ex. C (*Access Inc. v. Maruhan Corporation Guam*, CV: 1788-94 (Guam Superior Court), complaint attaching 1989 Land Purchase Agreement for Maruhan Corporation, c/o Chang-Woo Han, for $7 million purchase price); Yakura Decl. Ex. D (2019 Real Property Tax Assessment Roll – Yona Suburban, with $3,923,823 assessed value).

7

headquartered. . . . Additionally, the found-in test is also satisfied if the target of discovery has a presence in a district."); *Gov't of Mong. v. Itera Int'l Energy*, No. 3:08-mc-46-J-32MCR, 2009 U.S. Dist. LEXIS 145354, at *6 (M.D. Fla. April 29, 2009) ("Under § 1782, the Court finds Mongolia need not establish that Itera has systematic and continuous activity in Florida in order for Itera to be 'found' in this district. Regardless of whether Itera transacts business from its address at 9995 Gate Parkway North, Suite 400 in Jacksonville, Florida, the Court finds Itera's incorporation under the laws of Florida makes Itera a 'resident' of this district. It is well established that a corporation is deemed 'domiciled' in the state in which it is incorporated.").

Second, the discovery is sought for use in a proceeding before a foreign tribunal. Ms. Haba seeks information for pending and anticipated litigation in Japan. Courts have clarified that Section 1782 discovery may be deemed "for use" even where the applicant had not yet identified proposed claims, alleged legal theories, or the proceedings in which it intends to bring such claims. *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *5 n.1 (N.D. Cal. Jan. 13, 2009) (citing *Intel*, 542 U.S. at 259 for the proposition that the foreign proceeding need not be imminent or even pending, as long as a dispositive ruling by the foreign tribunal be "within reasonable contemplation"). This requirement is satisfied that much more here, as one of the cases involving Ms. Haba is already pending in Japan.

Third, Ms. Haba, as a party to the foreign litigations, qualifies as an "interested party." As the Supreme Court stated, "no doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke section 1782." *Intel*, 542 U.S. at 256.

## III.    THE SUPREME COURT'S *INTEL* FACTORS STRONGLY FAVOR GRANTING MS. HABA'S APPLICATION.

### A.    Maruhan Guam Is Not a Party to the Foreign Proceedings.

The first *Intel* factor considers "whether the material sought is within the foreign tribunal's jurisdictional reach." *In re Republic of Ecuador*, 2010 U.S. Dist. LEXIS 102158, at *5 (internal quotations and citation omitted). As the *Intel* Court noted, "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid." 542 U.S. at

264. Accordingly, the first *Intel* factor weighs in favor of discovery when the person from whom discovery is sought is not a participant in the foreign case. *London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008).

Courts in this Circuit have routinely granted Section 1782 discovery from respondents who were not parties to the foreign litigation. *See, e.g.*, *In re Application of Motorola Mobility, LLC*, No. C 12-80243 EJD (PSG), 2012 U.S. Dist. LEXIS 149679, at *5 (N.D. Cal. Oct. 17, 2012) (finding the first *Intel* factor weighing in favor of granting discovery where respondent was not a party to the foreign proceeding); *In re Comm'r re Request for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. § 1782*, No. C 11-80136 RS (MEJ), 2011 U.S. Dist. LEXIS 75471, at *11 (N.D. Cal. July 13, 2011) (same).

Moreover, as courts have consistently recognized, simply because a respondent's corporate affiliate is a party to the foreign proceeding does not mean the respondent is a participant. *See, e.g., In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1031 (N.D. Ill. 2006) (finding first *Intel* factor favors discovery from McDonald's because "McDonald's is not a party in the Labor Court. Its wholly-owned subsidiary, McCal, is the party.").[5]

Even if Maruhan Guam were a party to the pending or anticipated Japanese proceedings, which it is not, this would not counsel against the grant of Section 1782 discovery. Though *Intel* counsels that the need for Section 1782 is generally not as clear when the discovery sought is

---

[5] *See also In re Barnwell Enters. Ltd*, 265 F. Supp. 3d 1, 10 (D.D.C. 2017) ("ECP is not a party in the foreign proceedings; its subsidiary, ECP Africa, is the relevant party. And while Respondent now argues that seeking discovery from ECP in the United States is effectively the same as seeking discovery from ECP's foreign subsidiary in Mauritius . . . the Court finds Respondent's argument unavailing. ECP and ECP Africa, as Respondent acknowledges, are distinct legal entities."); *In re Top Matrix Holdings Ltd.*, 18 Misc. 465 (ER), 2020 U.S. Dist. LEXIS 7896, at *15 (S.D.N.Y. Jan. 16, 2020) (holding "[p]arent companies who are 'participants' to foreign proceedings are considered separate legal entities from their subsidiaries and affiliates for the purpose of Section 1782 motions."); *In re Inversiones y Gasolinera Petroleos Valenzuela, S. de R.L.*, No. 08-20378-MC-UNGARO/SIMONTON, 2011 U.S. Dist. LEXIS 5201, at *34-35 (S.D. Fla. Jan. 19, 2011) ("The undersigned rejects the notion that Exxon shares Esso's status as a participant in the Honduran proceedings; and, therefore, whether the Honduran courts (or criminal investigating authorities) are capable of asserting the authority necessary to require Esso to produce discovery is not relevant to the question of whether similar information might be obtainable from Exxon").

from a party to the litigation, participation by the target of discovery in the foreign proceedings does not foreclose Section 1782 aid. Other courts have granted discovery—even from parties to the foreign litigation—notwithstanding that the foreign tribunals had "jurisdiction" over them and could theoretically order them to produce copies of the same documents. *See Akebia*, 793 F.3d at 1112 (affirming Section 1782 discovery from a party to a foreign proceeding).[6]

Here, Maruhan Guam is not a party to the foreign litigations, thus this factor weighs strongly in favor of granting discovery. *See London*, 279 F. App'x at 515.

### B. The Japanese Courts Are Receptive to U.S. Judicial Assistance.

The second *Intel* factor concerns "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. When evaluating this factor, courts look for "authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of section 1782." *Siemens AG v. W. Dig. Corp.*, No. 8:13-cv-01407-CAS-(AJWx), 2013 U.S. Dist. LEXIS 159266, at *7 (C.D. Cal. Nov. 4, 2013) (emphasis in original) (internal quotations and citation omitted).

Although it would be Maruhan Guam's burden to prove a Japanese court would be unreceptive, there can be no dispute that Japanese courts are receptive to discovery obtained in the United States through Section 1782. *See* Yakura Decl. ¶ 11; *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 U.S. Dist. LEXIS 125191, at *9 (N.D. Cal. July 25, 2019) ("Case law suggests that Japanese courts are generally receptive to discovery taken in the United States pursuant to [S]ection 1782") (*citing In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976)).[7]

---

[6] *See also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (reversing a district court's refusal to order discovery of documents from a company (Biomet) that was a participant in the foreign proceedings); *Cryolife*, 2009 U.S. Dist. LEXIS 3416, at *5-6 (granting Section 1782 discovery from a party to a foreign proceeding).

[7] *See also In re Nagatsuki Ass'n*, No. 20-mc-80030-SVK, 2020 U.S. Dist. LEXIS 31168, at *7 (N.D. Cal. Feb. 24, 2020) ("In the absence of evidence that Japanese courts would object to the Clinic's discovery of the information sought in the subpoena or that Japanese courts object more generally to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of authorizing service of the subpoena."); *In re Med. Inc. Ass'n Smile Create*, No.19-mc-

Thus, the second *Intel* factor also strongly weighs in favor of granting discovery, as the Japanese courts will be receptive to the discovery obtained through Section 1782.

### C.    No Foreign Restrictions Bar Ms. Haba's Requested Discovery.

Section 1782 does not require that the documents sought be discoverable in the foreign courts.  But, under the third *Intel* factor, district courts can consider whether the applicant is seeking in bad faith "to circumvent the foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 260–63, 265.  Circumvention occurs, however, only if the "request would undermine a specific policy of a foreign country or the United States." *In re Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1116 (E.D. Wis. 2004). "Seeking more discovery than [foreign] discovery procedures allow does not circumvent [foreign] law." *In re Joint Stock Co. Raiffeisenbank*, No. 16-mc-80203-MEJ, 2016 U.S. Dist. LEXIS 152090, at *19 (N.D. Cal. Nov. 2, 2016).  Further, a petitioner does not have to first attempt to obtain the evidence at issue in the foreign jurisdiction. *In re O'Keeffe*, No. 2:14-cv-01518-RFB-CWH, 2015 U.S. Dist. LEXIS 37835, at *11 (D. Nev. Mar. 24, 2015).

#### 1.    The foreign court's broad receptivity to evidence, despite more limited discovery procedures, make the third *Intel* factor weigh in favor of discovery.

If no specific policy of the foreign jurisdictions or the U.S. is undermined, a foreign court's receptivity to evidence, despite more limited discovery procedures, actually militates *in favor of* granting discovery under this factor. *In re Macquarie Bank*, No. 2:14-cv-0797-GMN-NJK, 2014 U.S. Dist. LEXIS 181626, at *7–8 (D. Nev. June 4, 2014) ("Where foreign countries have adopted limited discovery rules but allow parties to use broader discovery obtained pursuant

---

80230-VKD, 2019 U.S. Dist. LEXIS 173999, at *8 (Oct. 7, 2019) ("in the absence of evidence that Japanese courts would object to MIASC's discovery of the information sought in the subpoena, or that they object more generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of authorizing service of the subpoena"); *In re Application of LG Elecs. Deutschland GMBH*, No. 12cv1197-LAB (MDD), 2012 U.S. Dist. LEXIS 70570, at *5 (S.D. Cal. May 21, 2012) (granting Section 1782 discovery for use in litigation in Japan); *Marubeni Am. Corp. v. LBA Y.K.*, 335 F. App'x 95, 98 (2d Cir. 2009) (affirming district court's grant of Section 1782 discovery for use in Japan).

to § 1782, [the third *Intel*] factor militates *in favor of* granting § 1782 relief.") (emphasis added).[8]

In *Intel*, the Supreme Court affirmed the Ninth Circuit's decision in *Advanced Micro Devices*, concluding that Section 1782 does not impose a "foreign discoverability" requirement on applicants. *Intel*, 542 U.S. at 260–61 (affirming *Advanced Micro Devices*, 292 F.3d at 669). Following *Intel*, courts in this Circuit have continued to look favorably on requests that reflect reasonable efforts to overcome technical discovery limitations of the foreign tribunal. *See In re O'Keeffe*, 2015 U.S. Dist. LEXIS 37835, at *13 (quoting *Intel* in rejecting the respondent's foreign discoverability argument, and stating "the law is clear as to these questions, and movants' attempt to raise issues already put to rest by the Ninth Circuit and U.S. Supreme Court is not well-taken."); *In re Microsoft Corp.*, No. C10-0170MJP, 2010 U.S. Dist. LEXIS 145423, at *6 (W.D. Wash. Aug. 18, 2010), *aff'd*, 671 F.3d 726 (9th Cir. 2011) ("The Court thus rejects Microsoft's suggestion that the material sought must be discoverable in the foreign proceeding."); *Cryolife*, 2009 U.S. Dist. LEXIS 3416, at *10 (finding that "the mere fact that the discovery is unavailable under foreign law is not a basis for denying its application.") (internal quotations and citation omitted.) Indeed, "'in some respects, that is precisely the type of assistance that the statute was designed to afford.'" *Id.* (quoting *In re Gemeinshcafts-Praxis Dr. Med. Schottdorf*, No. CIV.M19-88 BSJ, 2006 U.S. Dist. LEXIS 94161, at *7 (S.D.N.Y. Dec. 29, 2006)).

Courts have thus specifically found that Section 1782 discovery is appropriate even when it is outside of the reach of a foreign court. With respect to Japanese proceedings, courts have held that the impossibility of obtaining the discovery under Japan's civil law system is not a barrier to obtaining it in the U.S. through Section 1782. *Marubeni*, 335 F. App'x at 98.

In fact, courts have explicitly held that discovery requests like Ms. Haba's here, for use in litigation in Japan are not an attempt to circumvent the procedures in those countries. In *In re*

---

[8] The court later granted the respondents' motion to quash the subpoena in view of subsequent events: the foreign court denied the petitioner's request for discovery, at the same time appointing a bailiff to collect such discovery, and the petitioner waited over three months to serve the subpoenas on the same day as its request before the foreign court was denied. *See In re Macquarie Bank Ltd.*, No. 2:14-cv-00797-GMN-NJK, 2015 U.S. Dist. LEXIS 72544, at *21-22 (D. Nev. May 28, 2015).

12

*Procter & Gamble*, a party made a discovery request in connection with litigation proceedings in several countries, including Japan. 334 F. Supp. 2d at 1113. The opposing party argued that the request should be denied because it sought broader discovery than permitted in the foreign jurisdictions, which it argued was an attempt to circumvent the foreign policies of reducing litigation costs. *Id.* at 1115. In rejecting that argument and granting the discovery, the court held that granting the discovery would not impose any costs on the foreign government and thus would not circumvent the policies of any of the countries involved. *Id.* at 1116.

Here, Ms. Haba is not circumventing foreign discovery procedures. The type of discovery Ms. Haba seeks is common in American courts, but unavailable in Japan. (Yakura Decl. ¶¶ 6-10.) That Ms. Haba would not be able to obtain the discovery she seeks under Japanese discovery procedures does not bar this Court from granting Ms. Haba's application, as Japanese courts are receptive to the Section 1782-obtained evidence and there are no policies against admission of evidence obtained through U.S. discovery. (*See* Yakura Decl. ¶¶ 11-12.) On the contrary, Japan's limited discovery procedures make this factor weigh in favor of granting the discovery Ms. Haba seeks. *See In re Macquarie Bank*, 2014 U.S. Dist. LEXIS 181626, at *7–8.

As in *In re Macquarie Bank*, the foreign court in this case has virtually no pre-trial discovery, yet it poses no substantive limits on the admissibility of discovered evidence, thus this factor militates in favor of granting Section 1782 relief. *See* 2014 U.S. Dist. LEXIS 181626, at *7–8. And as in *In re Procter & Gamble*, this application will not impose any costs on the foreign governments and thus will not undermine any policies in favor of low discovery costs. *See* 334 F. Supp. 2d at 1116. This application is a good faith attempt to utilize "our generous discovery provisions" to assist Ms. Haba in proving her case before civil law courts in Japan, where she "cannot obtain even remotely comparable discovery" by utilizing the Japanese procedures. *Heraeus Kulzer*, 633 F.3d at 597.

## 2. There is no exhaustion requirement.

Neither does Ms. Haba have to first try to obtain this evidence from Maruhan Guam in Japan. Courts, including in the Ninth Circuit, have also expressly rejected a 'quasi-exhaustion requirement' mandating that the petitioner seek discovery in a foreign court before moving for

assistance from the United States court."  *See In re O'Keeffe*, 2015 U.S. Dist. LEXIS 37835, at

*11 (agreeing with other courts' rejection of a "quasi-exhaustion" requirement and citing

*Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)); *In re Bloomfield Inv.*

*Res. Corp.*, 315 F.R.D. 165, 167 (S.D.N.Y. 2016) ("Bloomfield's failure to exhaust discovery

procedures in the Netherlands Action is not a basis on which to reject Bloomfield's discovery

request. Nor must Bloomfield wait for the approach of discovery deadlines in the Netherlands

Action").  And courts have also rejected a requirement that a petitioner first try to obtain the

evidence from a party to the foreign litigation.  *See In re Motorola Mobility LLC*, No. 12-CV-

2618-BTM (WVG), 2013 U.S. Dist. LEXIS 39621, at *6 (S.D. Cal. Feb. 1, 2013) (finding no

exhaustion requirement and rejecting respondents argument that petitioner "must first request

documents from Apple, a party to the foreign litigation, before placing a discovery burden upon a

third party.")

Thus, declining to first "exhaust discovery procedures in [Japan] is not a basis on which to

reject" Ms. Haba's application.  *See In re Bloomfield*, 315 F.R.D. at 167.

In summary, the third *Intel* factor also strongly weighs in favor of granting discovery

because Ms. Haba's requests do not undermine any policy of Japan or the United States.  On the

contrary, Japanese courts welcome the information resulting from Section 1782 proceedings.  *See,*

*e.g., In re Frontier Co.*, 2019 U.S. Dist. LEXIS 125191, at *9; *In re LG Elecs. Deutschland*

*GMBH*, 2012 U.S. Dist. LEXIS 70570, at *5.  Thus, because Japan has "adopted limited

discovery rules but allow parties to use broader discovery obtained pursuant to § 1782, [the third

*Intel*] factor militates in favor of granting § 1782 relief."  *In re Macquarie Bank*, 2014 U.S. Dist.

LEXIS 181626, at *7–8.

**D.      Ms. Haba's Requests Are Not Unduly Burdensome.**

The fourth *Intel* factor analyzes whether the discovery requests are "unduly intrusive or

burdensome;" such requests "may be rejected or trimmed."  *Intel*, 542 U.S. at 265.  "The proper

scope of discovery arising out of a § 1782 application is generally determined by the Federal

Rules of Civil Procedure".  *In re Varian*, No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911,

at *13–14  (N.D. Cal. Mar. 24, 2016) (citing *In re Letters Rogatory From Tokyo Dist.*

14

*Prosecutor's Office*, 16 F.3d 1016, 1019 (9th Cir. 1994)). Requests are not unduly burdensome when they target limited categories of documents. *See In re Grupo Unidos Por El Canal, S.A.*, No. 14-mc-80277-JST (DMR), 2014 U.S. Dist. LEXIS 152473, at *7 (N.D. Cal. Oct. 27, 2014) (finding petitioner's request not unduly burdensome because its "nine document requests target specific, limited categories of documents.")[9]

Ms. Haba's discovery requests are not unduly burdensome or intrusive. Ms. Haba seeks narrowly tailored discovery that is readily accessible to Maruhan Guam and its principal officer Mr. Han.

To the extent that all responsive documents are not physically located in Guam, it is of no moment. *See Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1200 (11th Cir. 2016) (holding that Section 1782 extends to evidence abroad); *In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019) (same); *In re De Leon*, No. 1:19-mc-15, 2020 U.S. Dist. LEXIS 42968, at *23 (S.D. Ohio March 12, 2020) (recognizing that the only circuit courts to address the issue have found that Section 1782 permit discovery located abroad); *Illumina Cambridge Ltd.*, 2020 U.S. Dist. LEXIS 29201, at *31 (holding under Section 1782 "for documents that are in Respondents' possession, custody or control, the Court declines to limit production to documents physically located within the United States."). There would be no burden in producing in the documents to counsel in Guam.

Likewise, although Mr. Han lives and works in Japan, there is no prohibition on this court ordering his deposition under Section 1782 because he is the principal officer of Maruhan Guam. *See In re Godfrey*, NO. 17-21631-CV-COOKE/GOODMAN, 2018 U.S. Dist. LEXIS 29794, at *34 (S.D. Fla. Feb. 22, 2018) (ordering a deposition under Section 1782 to take place in Moscow,

---

[9] And even when courts find a Section 1782 request overly broad, rather than denying discovery they typically require the parties to meet and confer on the scope of the production, or limit specific objectionable aspects of the subpoena. *Republic of Ecuador v. For the Issuance of Subpoenas for the Taking of Depositions & the Prod. of Documents in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, No. C-10-80225 MISC CRB (EMC), 2011 U.S. Dist. LEXIS 23666, at *23 (N.D. Cal. Feb. 22, 2011) (granting in part petitioner's Section 1782 application and ordering parties to meet and confer on potentially broad requests and present any disputes that arise to the court); *Heraeus Kulzer*, 633 F.3d at 597–98 (holding that district court erred in turning down the discovery application entirely, and stating that the scope of the requests should be considered under Rule 26 and other pertinent discovery rules).

Russia if the parties could not agree on an alternative location). And, Ms. Haba need not limit

herself to a deposition of Maruhan Guam under Rule 30(b)(6). Rather, under Rule 30(b)(1), she

may identify the specific officer of Maruhan Guam who is most knowledgeable. *See In re*

*Furstenberg Fin. Sas & Marc Bataillon*, No. 16-cv-60266-BLOOM, 2017 U.S. Dist. LEXIS

217622, at *21-23 (S.D. Fla. Oct. 30, 2017) (holding Section 1782 permits service of a Rule

30(b)(1) deposition notice naming a specific company officer). To avoid any burden, Ms. Haba is

fully prepared to proceed with the deposition in Japan where Mr. Han lives and works. If Mr.

Han would prefer not to travel to Tokyo, the deposition can take place at the U.S. consulate in

Osaka which is close to Mr. Han's home in Kyoto.[10]

Ms. Haba's attorneys will, of course, meet and confer with Maruhan Guam's attorneys to

discuss ways of obtaining the relevant information as efficiently and with as little burden as

possible.

In sum, Ms. Haba's narrowly tailored requests are not unduly burdensome. *See In re*

*Grupo Unidos*, 2014 U.S. Dist. LEXIS 152473, at *7.

---

[10] As the principal officer of Maruhan Guam, the Court is well within its power to order that the
deposition take place in Guam if Mr. Han prefers not to attend a deposition in Japan. *See
King.com Ltd. v. 6 Waves LLC*, No. C-13-3977 MMC, 2014 U.S. Dist. LEXIS 44860, at *21
(N.D. Cal. March 31, 2014) (holding "of the witnesses King.com identifies as important to its
case, those residing outside the United States live in Hong Kong and are employed by defendants
in managerial and directorial roles . . . , and thus can be required to appear for deposition in the
instant case.") (citing Fed. R. Civ. P. 30(b)(1) (providing for notice of deposition); Fed. R. Civ. P.
37(d)(1)(A)(i) (providing for sanctions were "a party's officer, director, or managing agent . . .
fails, after being served with proper notice, to appear for that person's deposition")); *Shinde v.
Nithyananda Found.*, ED CV 13-363-JGB (SPx), 2015 U.S. Dist. LEXIS 189257, at *4 (C.D.
Cal. May 21, 2015) ("The fact that a deponent is a non-citizen currently residing abroad does not
deprive this court of the power to compel him or her to sit for deposition in the United States.");
*Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 510 (D. Idaho 2013) ("Foreign
nationals who qualify as managing agents of a party may be subject to deposition pursuant to
notice."); *Fausto v. Credigy Services Corp.*, 251 F.R.D. 427, 428 (N.D. Cal. 2008) (ordering
deposition of Brazilian executives of defendant to appear for a deposition in the United States);
*Dean Foods Co. v. Eastman Chem. Co.*, No. C 00-4379 WHO, 2001 U.S. Dist. LEXIS 25447, at
*16 (N.D. Cal. Aug. 13, 2001) ("a foreign corporation's agents are frequently compelled to
appear for deposition on American soil."); *Roberts v. Heim*, 130 F.R.D. 430, 440 (N.D. Cal.
1990) (ordering that deposition of Swiss national and resident proceed in San Francisco).

**CONCLUSION**

Ms. Haba seeks limited discovery for use in currently pending and anticipated cases in Japan. Ms. Haba's application meets the statutory requirements of 28 U.S.C. § 1782, and the discretionary factors the Supreme Court identified in *Intel* all weigh in favor of granting the application. Importantly, the Ninth Circuit has consistently recognized the liberal policy in favor of granting applications for judicial assistance under Section 1782.

Accordingly, Ms. Haba respectfully requests that this Court grant the application and issue the proposed order attached as Exhibit A to the application, requiring Maruhan Guam to respond to the subpoena and notice of deposition attached as Exhibits B and C to this application.

Dated: September 11, 2020

CALVO FISHER & JACOB LLP
Attorneys for Petitioner
MARINA HABA

By: _____/s/_____
RODNEY J. JACOB

17