THOMAS C. STERLING
BLAIR STERLING JOHNSON & MARTINEZ
A PROFESSIONAL CORPORATION
238 ARCHBISHOP FLORES ST STE 1008
HAGÅTÑA GU 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Respondent Maruhan Corporation Guam*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| *In re:* Application Pursuant to 28 U.S.C. § 1782 of MARINA HABA, <br><br> Petitioner, <br><br> - To take discovery of - <br><br> MARUHAN CORPORATION GUAM, <br><br> Respondent. | MISCELLANEOUS CASE NO. 20-00025 <br><br> MARUHAN CORPORATION GUAM'S OBJECTION TO MARINA HABA'S REQUEST FOR THE COURT TO SET BRIEFING SCHEDULE |

Maruhan Corporation Guam (hereinafter "Maruhan") is appearing specially for the limited purpose of objecting to Marina Haba's (hereinafter "Haba") request for the Court to order a briefing schedule herein.

On September 11, 2020, Haba filed an Ex-Parte Application for an Order directing Maruhan to respond to discovery pursuant to 28 U.S.C. § 1782. She has subsequently filed a request for the Court to set a briefing schedule which in substance and effect converts her ex-parte application into a noticed motion. This is procedurally improper and the Court should deny the request.

Applications for discovery pursuant to 28 U.S.C. § 1782 are routinely applied for on an ex-parte basis. That procedure has been specifically approved in the Ninth Circuit. As stated in the case of *In re Letters Rogatory from Tokyo Dist.*, Tokyo, Japan 539 F.2d 1216, 1219 (9th Cir. 1976):

"We do not find any of the other objections raised by the witnesses to be persuasive. Letters Rogatory are customarily received and appropriate action taken with respect thereto ex-parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."

Other cases stand for the same proposition. *John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 134 (3d Cir. 1985) [Discovery Order entered Ex-Parte under 28 U.S.C. § 1782]; *In re Clerici*, 481 F.3d 1324, 1329 (11th Cir. 2007) [Ex-parte Order entered without a hearing one day after Section 1782 application filed]. Indeed, this is the procedure that Haba has thus far utilized.

It is unclear to Maruhan why Haba has filed this request for a briefing schedule.[1] Maruhan submits that the proper procedure is for the Court to rule on the application and Maruhan will then have the option of complying with whatever discovery order the Court might issue or moving to quash any subpoena or order which it believes is inappropriate.

It is important to note that even if the statutory requirements under 28 U.S.C. § 1782 are met, the court still has the discretion to deny such a request. *Intel Corp. v. Advanced Micro Devices Inc.*, 542 U.S. 241, 264 (2004). Congress gave the Federal District Courts broad discretion to determine whether, and to what extent, to honor a request for assistance under 28 U.S.C. § 1782. *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002). The courts have described a wide range of potentially applicable factors to consider in making that discretionary determination and the Court should deny a request if it suspects that the request is a fishing expedition or a vehicle for harassment. *In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 848 F.2d 1151, 1156 (11th Cir. 1988) abrogated in other part by *Intel*, 542 U.S. at 259.

Maruhan submits that the proper procedure for the Court to follow in this case is to

---

[1] Perhaps the reason is that Haba wants to have the final word by filing a reply brief in response to any opposition that Maruhan might submit whereas Maruhan would have the right to file the reply brief in connection with a motion to quash.

determine on an ex-parte basis whether the statutory requirements have been demonstrated and, if so, to utilize its discretion to determine whether and to what extent the Federal Judiciary should get involved in what the Haba Declaration (ECF 4) discloses to be an intra-family dispute among residents of Kyoto, Japan. It is possible that no discovery will be authorized in which case Maruhan will not be required to do anything. Should Orders or Subpoenas be issued to Maruhan, it will then review the same and determine whether it should comply or move to quash.

**RESPECTFULLY SUBMITTED** this 7th day of October, 2020.

**BLAIR STERLING JOHNSON & MARTINEZ**
A PROFESSIONAL CORPORATION

BY:_____/s/_____
**THOMAS C. STERLING**
*Attorneys for Respondent Maruhan Corporation Guam*

E56\48409-13
G:\PLD\TCS\952-MARUHAN'S OBJECTION TO HABA'S REQUEST FOR THE COURT TO SET BRIEFING SCHEDULE RE HABA V MARUHAN.DOCX