1 | **RODNEY J. JACOB, ESQ.**
**CALVO FISHER & JACOB LLP**
2 | Attorneys at Law
3 | 259 Martyr Street, Suite100
Hagåtña, Guam 96910
4 | Telephone: (671) 646-9355
Facsimile: (671) 646-9403
5 | Email: rjacob@calvofisher.com
6 |
7 | **J. ALEXANDER LAWRENCE, ESQ.**
**MORRISON & FOERSTER LLP**
8 | Shin-Marunouchi Building, 29th
Floor 5-1, Marunouchi 1-Chome
9 | Chiyoda-ku, Tokyo Japan
100-6529
10 | Telephone: 81-33-214-6522
Facsimile: 81-33-214-6512
11 | Email: alawrence@mofo.com

Attorneys for Petitioner
MARINA HABA

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| *In re*: Application Pursuant to 28 U.S.C. § 1782 of MARINA HABA,<br><br>Petitioner,<br><br>– To take discovery of –<br><br>MARUHAN CORPORATION GUAM,<br><br>Respondent. | Misc. Case No. 1:20-mc-00025<br><br>**RESPONSE TO MARUHAN CORPORATION GUAM'S OBJECTION TO MARINA HABA'S REQUEST FOR THE COURT TO SET BRIEFING SCHEDULE ON APPLICATION DIRECTING MARUHAN CORPORATION GUAM TO RESPOND TO DISCOVERY PURSUANT TO 28 U.S.C. § 1782 FOR USE IN FOREIGN PROCEEDINGS** |

540612.DOCX

Applicant Marina (née Han) Haba ("Ms. Haba") files this response to the objection of Respondent Maruhan Corporation Guam ("Maruhan Guam") (ECF No. 11) to correct a misstatement. Maruhan Guam incorrectly claims that Ms. Haba filed an *ex parte* application pursuant to 28 U.S.C. § 1782. She did not. *See* Certificate of Service on Maruhan Guam's Registered Agent (ECF No. 7).

Applicants under Section 1782 can elect to proceed either *ex parte* or by notice. *See* Lucas V. M. Bent, *The Globalization of Discovery: The Law and Practice under 28 U.S.C. § 1782*, at § 3.03[B] (Wolters Kluwer 2019) ("An application can be made with notice or *ex parte*. [W]here the application is made with notice, the applicant will first file the application and supporting materials, and the respondent would move to oppose the application. The applicant would have a right to reply. The court will then issue a final decision on the application. [T]he application can also be made *ex parte*, meaning that the respondent will not initially be aware of it and will only be notified when served with the subpoena, assuming the court grants the application. Assuming an application is made *ex parte*, the application process is best understood as a two-step process.")

While Ms. Haba could have elected to proceed *ex parte*, she instead elected to proceed on notice because it is the better and more efficient practice. *See*, *e.g.*, *Certain Funds, Accounts And/Or Inv. Vehicles Managed By Affiliates Of Fortress Inv. Grp. L.L.C. v. KPMG, L.L.P.*, 798 F.3d 113, 125 (2d Cir. 2015) ("Now that the firms are on notice of the Funds' interest in discovery, there is no longer a reasonable basis for proceeding *ex parte*. Should such a new application be made, therefore, the district court will have the benefit, as it did not at the time of the initial *ex parte* application, of the full range of arguments made by the defendant firms, and should be in a better position to assess both the statutory prerequisites to the district court's authority under § 1782 and the discretionary factors bearing on whether, if those prerequisites are satisfied, the district court will order discovery to be provided."); *see also Beluga Shipping GMBH v. Suzlon Energy, Ltd.*, No. C 10-80034 JW (PVT), 2010 U.S. Dist. LEXIS 104705, at *13 (N.D. Cal. Sept. 23, 2010) (holding in a Section 1782 action that "the practice of *ex parte* undermines the impartiality of the court. . . . The court has a limited view of the situation with

1

only input from one party to the conflict.") (citing *See* 8B J. Moore, Moore's Federal Practice 43.03 [2], at 43-23 (1983).)

And even if Ms. Haba had decided to proceed *ex parte*, which she did not, this Court would be well within its power to require notice to Maruhan Guam. *See*, *e.g.*, *In re Merck & Co.*, 197 F.R.D. 267, 271 (M.D.N.C. 2000) (holding that "in any case where the Court has such doubts or for other reasons, it has authority to simply require notification of other parties in the foreign litigation prior to the issuance of an order to a Section 1782(a) applicant for subpoenas.")

Maruhan Guam has been served and does not claim that it is outside of this Court's jurisdiction. It would be more efficient if the Court were to hear from Maruhan Guam in deciding whether to grant the application based on an analysis of the *Intel* factors rather than engage in a two-step process of having the Court decide whether to grant the application without the benefit of hearing from Maruhan Guam and then entertaining additional motion practice on a motion to compel, a motion to quash, and/or a motion for a protective order.

While counsel for Ms. Haba has made it clear that it is willing to work with counsel for Maruhan Guam on a reasonable briefing schedule, Maruhan Guam does not concede that the application should be granted and provides no grounds for why the application should be denied. Thus, Ms. Haba respectfully submits that it would be most efficient to set a reasonable briefing schedule so that the Court can hear from Maruhan Guam before deciding whether to grant the application.

Ms. Haba respectfully requests that the Court enter a briefing schedule.

Respectfully submitted this 7th day of October, 2020.

**CALVO FISHER & JACOB LLP**
Attorneys for Petitioner
MARINA HABA

By: _____/s/_____
**RODNEY J. JACOB**